

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, President
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-4090
Re: Does the State Board of Hair-
dressers and Cosmetologists
have authority to enforce its
ruling requiring all regula-
tions to be met in a new loca-
tion before license can be
transferred or issued to a
beauty shop or school?

Your letter of October 6, 1941, requesting the
opinion of this department on the above stated question
reads in part as follows:

"We respectfully request that you refer to
your opinion # O-536, dated March 24, 1939.

"Many beauty shops and schools were licensed
at the time the law was passed which do not meet
the requirements of the Board or come within the
law as interpreted at present. If one of such
schools or shops close their present licensed lo-
cation and move to a new location, it has been
the practice of the Board to require the owner
to make the new location meet all requirements,
set out by the Board, and approved by either the
Board or representative, before license will be
transferred or issued to cover the new location.

"This requirement has been made to prevent
shops or schools from moving into unsanitary lo-
cations, or in connection with living quarters
and to raise the standard of schools by requiring
them to meet all rules as to equipment, minimum
space, etc.

Mrs. Ella Mae Murphy, President, Page 2

"Kindly advise if the Board has authority to enforce its ruling requiring all regulations to be met in its new location before license can be transferred or issued; or if your opinion # O-536 would prevent the Board from this practice.

". . ."

Section 10 of Article 734b, Vernon's Annotated Penal Code, among other things, provides that the State Board of Hairdressers and Cosmetologists,

". . . shall, with the approval of the State Board of Health, prescribe such sanitary rules as it may determine necessary with particular reference to the precautions necessary to be employed to prevent the spread of infectious and contageous diseases, and it shall be unlawful for the owner or manager of any hairdressing or cosmetological shop or any school of beauty culture to permit any person to sleep in or use for residental purposes any room used wholly or in part as a hairdressing or cosmetological establishment or school of beauty culture, and it shall be unlawful for any person, firm or corporation to practice as a hairdresser or cosmetologist, except in the homes of customers or in a bona fide established beauty shop wherein the requirements of the Board as to proper sanitary rules are complied with.  Provided an operator may have a beauty shop in her home where the sanitary rules are complied with.

". . . The said Board, or any duly appointed agent, shall have authority to inspect any beauty shop, beauty parlor, or school, at any time during business hours."

Section 18 of the above mentioned act provides:

"The first certificate of registration and license shall be valid until August 31, 1936. Thereafter no certificate or license shall be issued for a longer period than one (1) year and shall expire on the 31st day of August, of the year for which they are issued unless renewed

prior to that date. The holder of an expired cer-
tificate or license may have his certificate or
license restored within one (1) year after the
date of expiration, upon the payment of the re-
quired renewal fee and satisfactory proof of his.
or her qualifications to resume practice. . . ."

Subsection c of Section 18 of the same Article
provides:

"The establishment of itinerant shops is
hereby expressly prohibited, and it shall be un-
lawful for any person, firm or corporation to
operate a beauty shop as defined in this act,
unless the same is a bona fide establishment with
a permanent and definite location. Any license
granted under the terms of this act shall permit
the licensee to practice in only such bona fide
established beauty shop; provided, however, that
nothing in this act shall prohibit the removal
or change of location of the beauty shop, provided
such move or change is made in good faith with the
intention of definitely and permanently locating
elsewhere; and provided that nothing contained
herein shall in anywise prevent a licensee from
practicing in the homes of customers if said li-
censee works in a bona fide established shop as
defined in this act. Provided further, that noth-
ing in this act shall prohibit the establishment
of chain beauty shops which have a definite and
permanent location and have complied with all the
other terms of this law."

It will be noted that Section 18, supra, expressly
provides that an expired certificate or license may be re-
newed within one (1) year after the date of expiration upon
the payment of the required renewal fee and satisfactory
proof of his or her qualification to resume practice. There
is nothing in the Article 734b, that requires any approval
of the license or certificate upon the removal of a shop or
school from one location to another. We find no authority
for making any different requirement because of the fact
that the owner of a shop or school may have changed the loca-
tion of the shop or school or expects to change the location
of the shop or school upon securing a renewal license or

certificate.  Therefore, we respectfully answer the above stated question in the negative.  It is our further opinion that our opinion No. O-536 would prevent the Board from carrying on the above mentioned practice.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 27, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:mp



APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN